UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
HECTOR NERI PLIEGO, :
:
Petitioner, :
-v- : 26-CV-719
: **ORDER GRANTING**
KRISTI NOEM, *in her official capacity as* : **PETITION FOR WRIT**
*Secretary of the U.S. Department of Homeland* : **OF HABEAS CORPUS**
*Security*; TODD LYONS, *in his official capacity as* :
*Acting Director of U.S. Immigration and Customs* :
*Enforcement*; KENNETH GENALO, *in his official* :
*capacity as Field Office Director of Enforcement* :
*and Removal Operations of the New York Office of* :
*U.S. Immigration and Customs Enforcement*; :
PAMELA BONDI, *in her official capacity as U.S.* :
*Attorney General*; and RAUL MALDONADO, Jr., :
*in his official capacity as Warden of the* :
*Metropolitan Detention Center*; :
:
Respondents. :
-----------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

Petitioner Hector Neri Pliego is presently detained by Respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. He is a Mexican citizen who has resided in the United States for approximately 25 years.[1] Petitioner was taken into Respondents' custody and detained at the Orange County Correctional Facility on September 27, 2025, before being transferred to his present location on or

---

[1] The parties make differing representations as to how long Petitioner has resided in the United States. Petitioner avers that he entered the United States "in or around 1998." Petition ¶ 25. Respondents represent their understanding to be that Petitioner entered "approximately twenty-five years ago." ECF No. 14-1, ¶¶ 4–5. Approximately 25 years is thus the minimum amount of time that Petitioner has resided in the United States.

1

around October 7, 2025.

On February 9, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking entry of an order directing his immediate release from detention.

On February 9, 2026, the Court issued a Order, ECF No. 8, directing Respondents to file, by 12:00 PM on February 10, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Court's decision in *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025), or from any other prior decisions issued by the undersigned in this area of law. The Court further directed that, if Respondents asserted no basis to distinguish this Petition from the Court's analysis in *Hyppolite* or another decision of this Court, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal. Finally, the Court's February 9, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from *Hyppolite*, to respond to the Petition and to show cause as to why it should not be granted on or before February 12, 2026 at 5:00 PM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those

facts.

Respondents neither filed a submission by 12:00 PM on February 10, 2026 nor requested an extension of time to file this submission. Following a docket Order dated Feb. 10, 2026, Respondents filed a letter, ECF No. 11, in which it requested until February 12, 2026 to file their initial submission. By docket Order dated February 10, 2026, the Court denied this request but granted Respondents until February 11, 2026 to file their initial submission.

In their response filed on February 11, 2026, ECF No. 14, Respondents have averred that they are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). ECF No. 14 at 2. While Respondents take the position that such detention is lawful, they acknowledge that, in its decision in *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025), this Court previously considered and rejected Respondents' claims as to the application of 8 U.S.C. § 1225(b)(2)(A) to persons similarly situated to Mr. Neri Pliego. ECF No. 14 at 2–4. Respondents incorporate by reference the legal arguments that they made in their briefing to this Court in *Hyppolite,* obviating the need for further briefing as to the dispositive legal issue in this case. *Id.* at 4.

Petitioner has alleged, and Respondents do not dispute, that Respondents did not provide him with a pre-detention bond hearing, which this Court found in *Hyppolite* is required for persons similarly situated to Petitioner.

Accordingly, as it did in *Hyppolite,* the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due

3

process, because Petitioner has lived in the United States for approximately 25 years and is therefore entitled to an individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See Hyppolite v. Noem*, 25 CV 4303 (NRM), 2025 WL 2829511, at *12–16 (E.D.N.Y. Oct. 6, 2025); *see also, e.g., Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. Aug. 13, 2025); *Rodriguez v. Bostock*, No. 25 CV 05240 (TMC), 2025 WL 2782499, at *16–26 (W.D. Wash. Sep. 30, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *6–13 (N.D. Cal. Sep. 12, 2025); *Belsai D.S. v. Bondi*, No. 25 CV 3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases). Similarly, the Court finds that Petitioner has established that the mandatory detention provisions of 8 U.S.C. § 1225(a)(1) and (b)(2) relied upon by Respondents to justify the legality of Petitioner's detention are inapplicable here, because Petitioner has been living continuously in the United States and is not "seeking admission" under Section 1225.

The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite*, 2025 WL 2829511, at *6–16. Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the near-unanimous conclusion reached by hundreds of other district courts nationwide who have considered the issue to date. *Cf.* Resp., ECF No. 14 at 3 n.3 (citing the decisions of five district courts within the Second Circuit adopting Respondents' analysis).

The Court also finds that Petitioner has established that his detention without

4

a pre-deprivation bond hearing violates his right to procedural due process under the Fifth Amendment to the United States Constitution. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from imprisonment"). The Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which applies when courts in the Second Circuit are called upon to determine "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 8:00 PM on Wednesday, February 11, 2026.**

In light of the fact that Petitioner is presently being held at MDC in Brooklyn, New York, it is further **ORDERED** that counsel for Respondents shall keep

5

Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 11:00 PM on that same date (Wednesday, February 11, 2026),** confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to morrison_chambers@nyed.uscourts.gov and to Petitioner's counsel at the email address listed in the Petition.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

The Court's earlier order scheduling a hearing for February 17, 2026 is hereby vacated in light of the Court's resolution of the merits of the petition. Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

SO ORDERED.

Dated: February 11, 2026  /s/ Nina R. Morrison
Brooklyn, New York  Nina R. Morrison
United States District Judge