UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                            :

HECTOR NERI PLIEGO,                      :

                     Petitioner,      :

          -v-                  :          26-CV-719

                                            :          **MEMORANDUM &**
KRISTI NOEM, *in her official capacity as*   :         **ORDER**
*Secretary of the U.S. Department of Homeland*  :
*Security*; TODD LYONS, *in his official capacity as* :
*Acting Director of U.S. Immigration and Customs* :
*Enforcement*; KENNETH GENALO, *in his official* :
*capacity as Field Office Director of Enforcement* :
*and Removal Operations of the New York Office of* :
*U.S. Immigration and Customs Enforcement*;    :
PAMELA BONDI, *in her official capacity as U.S.*  :
*Attorney General*; and RAUL MALDONADO, Jr.,   :
*in his official capacity as Warden of the*        :
*Metropolitan Detention Center*;            :
                                            :

                   Respondents.   :
-----------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

Petitioner Hector Neri Pliego filed a petition for writ of habeas corpus on February 9, 2026 seeking his release from Immigration and Customs Enforcement ("ICE") custody. *See generally* Pet., ECF No. 1. This Court granted the petition on February 11, 2026, ECF No. 14, and Respondents confirmed that Petitioner was released that same day, ECF No. 16. Presently before the Court is Petitioner's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Mot., ECF No. 17; Mem. in Supp. ("Mem."), ECF No. 17-1; Resp. in Opp'n ("Opp'n"), ECF No. 18; Reply in Supp. ("Reply"), ECF No. 19. For the reasons outlined below, Petitioner's motion is GRANTED.

1

The EAJA provides that:

> a court shall award to a prevailing party other than the United States
> fees and other expenses, in addition to any costs awarded pursuant to
> subsection (a), incurred by that party in . . . proceedings for judicial
> review of agency action, brought by or against the United States in any
> court having jurisdiction of that action, unless the court finds that the
> position of the United States was substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  To establish entitlement to EAJA fees, a party must (1)
timely file their fee motion pursuant to 28 U.S.C. § 2412(d)(1)(B); (2) show that they
were the prevailing party and eligible to receive an award; (3) set forth an itemized
statement of actual time expended and the hourly rate at which fees were computed;
and (4) allege that the position of the United States was not substantially justified
and that no special circumstances exist that make an award unjust.  *Barbour v.
Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014).  "Once a party has demonstrated
that it is a prevailing party under the EAJA, the burden shifts to the government to
demonstrate that its litigation position was 'substantially justified.'"  *Commodity
Futures Trading Comm'n v. Dunn,* 169 F.3d 785, 786 (2d Cir. 1999).  Additionally,
the fees awarded under the EAJA must be "reasonable."  28 U.S.C. § 2412(d)(2)(A);
*see also Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) ("The Court must
determine if the hours expended and the rates charged are reasonable, and the fee
applicant has the burden to establish the reasonableness of both." (citing *Hensley v.
Eckerhart*, 461 U.S. 424, 433 (1983))).

First, Respondents assert that Petitioner is not entitled to an EAJA fees award

2

because Respondents' position in this litigation was substantially justified.[1]  Opp'n at 7–11.[2]  However, this Court has recently rejected this contention in a substantially identical case that also concerned the applicability of 8 U.S.C. § 1225 to an ICE detainee.  *Merlo Puerto v. Leeper*, No. 26-CV-405 (NRM), --- F. Supp. 3d ----, 2026 WL 1600665 (E.D.N.Y. June 4, 2026).  In *Merlo Puerto*, the Court "ha[d] no difficulty finding that Respondents [] failed to establish that their position was substantially justified, and thus, Petitioner's counsel [was] entitled to a fee award under the EAJA."  *Id.* at *4.  Because of the similar postures between *Merlo Puerto* and the instant case, the Court here adheres to and incorporates by reference its analysis of the EAJA's "substantially justified" requirement.  *Id.* at *4–6.  And, as it did in *Merlo Puerto*, the Court finds that Respondents' position was not substantially justified at the time the underlying petition was litigated.  Accordingly, Petitioner is entitled to a fees award under the EAJA.

The Court must also evaluate whether Petitioner's requested fees are reasonable.[3]  Counsel seeking fees under the EAJA "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 433.  Petitioner seeks compensation for 100.4 hours of work, per his counsel's contemporaneous billing records.  ECF No. 17-4.  This

---

[1] Respondents do not contend that the instant motion is untimely under the EAJA or that Petitioner was not the prevailing party.

[2] Pincites use ECF pagination unless otherwise noted.

[3] Petitioner asserts that an hourly rate of $261.12 is reasonable, Mem. at 10, and Respondents do not contest this.  Accordingly, the Court's reasonability analysis is limited to whether the hours worked by Petitioner's counsel were reasonable.

amounts to a total of $26,216.45 in requested fees.  Mem. at 11.  Petitioner asserts that his counsel already "excluded significant hours from its fee calculations expended by other Akins attorneys and paralegals on the matter."  Reply at 4. Petitioner also contends that this expenditure of time is reasonable because, at the time the underlying petition was filed, "the law surrounding the principal legal issues was developing rapidly." *Id.* at 4 (citing *L.R.C. v. Maldonado*, No. 25-CV-6825 (AMD), 2026 WL 946787, at *3 (E.D.N.Y. Apr. 7, 2026)).

The Court agrees with Petitioner that the hours Petitioner's counsel billed are reasonable.[4]  At the time the underlying petition was filed, the application of Section 1225 to individuals in Petitioner's situation was indeed a rapidly developing area of the law.  Though many courts had agreed with Petitioner's position at the time he filed his petition, *see L.R.C.*, 2026 WL 946787, at *3–4 ("[W]hen counsel filed the petition [on December 11, 2025], at least three hundred and fifty district courts around the country had rejected the government's interpretation of Section 1225."), other Courts had agreed with Respondents' litigation position, and this legal dispute was not resolved in this circuit until April 2026.  *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) (rejecting Respondents' position concerning the applicability of Section 1225).  Petitioner's counsel were required to expend time visiting Petitioner in MDC and compiling many supporting documents to develop the

---

[4] Petitioner's counsel's billing entries are arguably block-billed.  However, while "block billing is not preferred, it is permissible so long as the records allow the court to conduct a meaningful review of the hours requested." *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d. Cir. 2017).  The billing records before the Court are sufficient to permit such review.

4

factual record for the petition, Mem. at 11, and the petition itself reflects that counsel needed to prepare multiple constitutional and statutory arguments in the alternative to anticipate the defenses that Respondents might raise, *see generally* Pet. at 33–35 (raising five distinct claims for relief).

Accordingly, the Court finds that Petitioner is entitled to the full amount of the requested fees, $26,216.45. The Court emphasizes that this award reflects the high-quality work of Petitioner's counsel. They were vigorous and effective advocates who prepared a thorough and time-sensitive habeas petition, and who succeeded in winning Petitioner's release in fewer than forty-eight hours following the petition's filing, after Petitioner had been unlawfully detained for more than four months. They also lent their advocacy skills to Petitioner on a *pro bono* basis. Mem. at 10 n.1. They are precisely the kind of attorneys that the EAJA fee-shifting structure is meant to incentivize to take on cases such as this one, *i.e.,* on behalf of indigent individuals who assert that the government has violated their fundamental constitutional rights and who might otherwise struggle to find representation.

For all the foregoing reasons, the Court finds that 100.4 hours of legal work, at a rate of $261.12 per hour, was reasonable in this case. Accordingly, Petitioner's motion for EAJA fees is GRANTED, and the Court awards Petitioner $26,216.45 in fees under the EAJA, 28 U.S.C. § 2412.

**SO ORDERED.**

Dated:  June 16, 2026
      Brooklyn, New York

           */s/ Nina R. Morrison*
           Nina R. Morrison
           United States District Judge